IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FELIX J. WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:03-1238 |
| | ) | Judge Nixon |
| JO ANNE B. BARNHART, | ) | Magistrate Judge Brown |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is the Magistrate Judge's Report and Recommendation in the above-styled matter (Doc. No. 22) to which Plaintiff has filed timely objections (Doc. No. 23). Upon review of the objections and the Magistrate Judge's Report and Recommendation, for the reasons stated below, the Court ADOPTS the report in its entirety.

**I      Procedural Background**

Plaintiff Felix J. Ware has sought social security income benefits ("SSI") for close to ten years. On July 10, 1996, Plaintiff filed his first application for SSI alleging that on May 11, 1996, he became disabled because of neck pain, nerve damage, and "heart trouble on the left side" as a result of an automobile accident. On August 20, 1998, an Administrative Law Judge ("ALJ") issued a decision denying benefits. Plaintiff appealed the decision and the Appeals Council remanded the case on September 9, 1999, to further develop the record. On May 16, 2000, the same ALJ issued a second decision denying benefits. On September 15, 2000, the

-1-

Appeals Council denied Plaintiff's request for review.

Plaintiff thereafter appealed the Commissioner's decision to this Court. On July 10, 2001, this Court remanded the case to have a second ALJ review the Plaintiff's claim and to obtain additional medical expert evidence. The second ALJ issued a written decision on November 26, 2002, finding Plaintiff not disabled. On October 24, 2003, Plaintiff's request for review of the second ALJ's decision was denied by the Appeals Council, thus making the ALJ's decision the Commissioner's final decision.

On December 24, 2003, Plaintiff filed this second civil action. Plaintiff filed for judgment on the administrative record (Doc. No. 14), to which Defendant has responded (Doc. No. 21). The Court referred this matter to the Magistrate Judge who recommended that the Court affirm the Commissioner's denial of benefits. The Magistrate Judge found that the ALJ did not err in failing to find Plaintiff disabled pursuant to Listing 12.05 (Mental Retardation), and did not err in failing to credit the opinion of Plaintiff's treating physician, Dr. Griner. Plaintiff objects only to the Magistrate Judge's finding that there was substantial evidence to support the ALJ's conclusion that Plaintiff does not meet the Listing 12.05 criteria.

**II      Plaintiff's Objections**

Plaintiff alleges that he satisfies the requirements of Listing 12.05(C), and should therefore be found mentally impaired, and consequently disabled. It is the plaintiff's burden to demonstrate that his impairment satisfies the listing criteria, Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). The criteria set forth in Listing 12.05(C) are:

> 12.05 *Mental Retardation*: Mental retardation refers to significantly subaverage intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . .
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff first argues that he has demonstrated subaverage intellectual functioning because his level of cognitive functioning satisfies the listing criteria. Second, Plaintiff argues that the combination of his low functioning ability and a physical impairment impose additional and significant limitations of functioning. Third, Plaintiff argues that he has established an additional mental impairment, which in combination with his low intellectual functioning, imposes an additional and significant work-related limitation of functioning.

**III      Analysis**

The ALJ found that Plaintiff failed to demonstrate that he suffered from subaverage intellectual functioning, finding that the Plaintiff's "medically determinable impairments do not meet or medically equal one of the listed impairments." The ALJ further reasoned that Plaintiff "cannot be deemed to meet or equal the criteria for Medical Listing 12.05C as he has shown that his adaptive functioning is greater than his test results would indicate." On appeal to this Court, Plaintiff argued that the ALJ based his finding as to whether Plaintiff met the Listing 12.05(C)

criteria on Plaintiff's failure to demonstrate significant deficits in adaptive functioning. The Magistrate Judge disagreed, finding, "[r]ather, the ALJ specifically found that plaintiff suffered from *borderline* intellectual functioning, and further found that, based on examiners' reports of minimal effort on testing, plaintiff was being less than forthright about his mental impairments." The Court agrees with the Magistrate Judge on this issue.

42 U.S.C. § 405(g) specifies that the Commissioner's factual findings are conclusive if they are supported by substantial evidence, based on the record as a whole. For the reasons below, the Court finds that there was substantial evidence in the record to support the ALJ's finding. The Wechsler series standardized intelligence test was administered to Plaintiff on four occasions. Scores showed Plaintiff functioning in the 60 to 70 intellectual quotient ("IQ") range on two of the three verbal, performance, and full scale sections on each evaluation. Although Plaintiff has some IQ scores within the qualifying range for mental retardation, some examiners concluded that the scores were depressed because of Plaintiff's lack of effort.

Plaintiff's first evaluation was conducted in 1975 when Plaintiff was twelve years old. Plaintiff was administered the Wechsler Intelligence Scale for Children and received a verbal IQ of 69, a performance IQ of 75, and a full scale IQ of 69. The examiner noted that although Plaintiff appeared motivated to achieve and would willingly start on the new tasks when presented, he was easily "frustrated" and "tended to give up on a particular task if he continued to meet frustration." The examiner also noted that although test scores may have been depressed, it was still considered a "valid reflection of current functioning" because it was representative of his behavior in the classroom.

In 1997, Plaintiff underwent his first test as an adult and received a verbal IQ of 64, a performance IQ of 74, and a full scale IQ of 67 on the Wechsler Adult Intelligence Scale-Revised ("WAIS-R"). During the evaluation, the examiner noticed that Plaintiff was "argumentative," "not engaging," and not "careful" in his responses to the questions on the test. The examiner believed that Plaintiff possibly functioned within the "borderline range of intelligence," and would have been more confident of the results if earlier test results would have been available for review. The examiner also noted that one could consider Listing 12.05(C) as a possible Social Security Listing Impairment for Plaintiff, but included that "this cannot be defended strongly since he did not seem to exert maximal effort."

Plaintiff underwent a third IQ test in 1998. On this WAIS-R, Plaintiff received a verbal IQ of 64, a performance IQ of 74, and a full scale IQ of 66. The examiner clearly supported the Plaintiff's listing argument and noted that Plaintiff "maintained good cooperation and effort throughout a lengthy evaluation." The examiner also opined that Plaintiff's "[t]est results should be considered a valid reflection of his current level of functioning."

In 2002, Plaintiff underwent a final IQ test and received a verbal IQ of 63, a performance IQ of 60, and a full scale IQ of 59. The examiner noted that, "the most salient aspect of his test taking attitude currently involved his moderately poor persistence and motivation toward tasks. He was noted to give up very easily on tasks which were the least bit challenging." According to the examiner, "the present administration of the WAIS-III was valid" but believed that the results were an underestimation of "plaintiff's true level of cognitive functioning. . . . It was felt, for example, that Mr. Ware could have performed better on many tasks had he made more of an effort."

Plaintiff alleges that the ALJ incorrectly substituted his own medical judgment about the validity of the tests for that of the examiners. Because the Magistrate Judge relied on the findings made by the ALJ, Plaintiff alleges that the Magistrate Judge assigned greater weight to the observations of the examiners rather than the scores themselves. The Court does not find merit in Plaintiff's argument. It is for the Secretary to resolve conflicts in the evidence and to decide questions of credibility. Wokojance v. Weinberger, 513 F.2d 210, 212 (6th Cir. 1975), cert. denied, 423 U.S. 856 (1975). Here, there is conflicting evidence regarding the validity and reliability of Plaintiff's test results, which conflict it is the ALJ's duty to resolve. See Daniels v. Comm'r of Soc. Sec'y, 70 Fed. Appx. 868 (6th Cir. 2003) (sustaining an ALJ's finding that a claimant did not meet the criteria for Listing 12.05 despite an IQ score of 67, where the examiner observed that the claimant "clinically appeared to function at a level exceeding her test score").

In this case, the ALJ determined that Plaintiff's test results were unreliable, if not invalid. The ALJ reviewed the examiners' reports of Plaintiff's minimal efforts on testing and concluded that Plaintiff was in the "borderline range of intellectual functioning," not in the range of mental retardation, and that his "adaptive functioning is greater than his test scores would indicate." The ALJ believed that Plaintiff was being less than forthright about his mental impairments. While an ALJ is not entitled to dismiss the Plaintiff's testimony out of hand, an ALJ can make an adverse credibility finding based upon other evidence of record. Townsend v. Sec'y of Health & Human Servs., 762 F.2d 40, 44 (6th Cir. 1985). If supported by substantial evidence, the credibility finding of an ALJ is entitled to great deference and should not be discarded lightly. 42 U.S.C. §§ 416(i), 423; Walker v. Sec'y of Health & Human Servs., 980 F.2d 1066, 1071 n.4 (6th Cir. 1992) (citations omitted). As to credibility, the ALJ noted, for example, that Plaintiff

"made mistakes about his age and dates of events pertaining to general information that one would normally recall," yet without difficulty was able to "recall detailed information related to medical treatment and medications."  The ALJ believed Plaintiff was exaggerating his mental problems and did not display any interest in returning to the workforce.  Additionally, while Plaintiff was being treated for depression by his general physician, Dr. Griner, the ALJ questioned whether Dr. Griner believed in the severity of Plaintiff's mental problems when the record was unclear on whether Dr. Griner had ever referred Plaintiff to a mental health treatment program.

The Court has considered and rejects the Plaintiff's first objection.  The Court finds that there is substantial evidence to support the ALJ's determination that Plaintiff does not possess significantly subaverage general intellectual functioning.  Because of Plaintiff's failure to establish valid IQ scores within the appropriate range under Listing 12.05(C), the Court need not consider Plaintiff's remaining objections.


**III     Conclusion**

The Court finds the Magistrate Judge's Report and Recommendation to be well-founded and supported by the record, and therefore ADOPTS it in its entirety.  Accordingly, Plaintiff's Motion for Judgment on the Administrative Record is DENIED.

It is so ORDERED.

Entered this the 27th day of June 2005.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT